## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ABIGAIL WHITE and
JASON WHITE

     Plaintiffs,

                            CIVIL ACTION

                            FILE NO.:

v.

ALLIED INTERSTATE, LLC

     Defendant

_____/


## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, bring this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of facts and circumstances surrounding phone calls made to the Plaintiffs' cell phones, by Defendant, pursuant to Defendant's policy without express authorization. Plaintiffs, institute this action for actual and statutory damages against

the defendant and the costs of this action against

Defendant for violations of the Telephone Consumer

Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et

seq.

## II. PARTIES

1. Plaintiffs are natural persons residing in Polk
   County, Florida.

2. Defendant is a foreign for profit Corporation
   engaged in consumer debt collections.

3. Defendant was attempting to collect an alleged but
   unsubstantiated debt against Plaintiffs, when
   Defendant unleashed a calling campaign upon
   Plaintiffs' cell phones without express consent, in
   direct violation of the TCPA, which gives rise to
   this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28
   U.S.C.  1331

5. Venue is this District is proper in that the
   Defendant transacts business here and the conduct

of underlying the complaint occurred in Polk

Florida, which falls under the jurisdiction of the

Tampa Division of the Middle District Court.

6. Plaintiffs sue on behalf of themselves.

7. Defendant has acted on grounds generally

applicable to the named Plaintiffs, by failing to

follow federal law and by calling consumers cell

phone without express consent in direct violation

of the TCPA by: (1) refusing to follow 47 U.S.C.

227 and (2) calling consumer cell phone numbers

without express consent with auto-dialers.

8. Defendant failed to follow federal law and

called Plaintiffs' cell phones repeatedly, with an

auto-dialer, without express consent, thereby

depriving the Plaintiffs of their federally

protected rights.

### IV. STATUTORY STRUCTURE TCPA

9. The Telephone Consumer Protection Act, 47

U.S.C. 227 ("TCPA") amended the Federal

Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

10.   Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

(A)  to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B)  to dial such numbers.

See, 47 U.S.C.  227 (a)(1).

11. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service,

cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

12.   Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

> (A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,  or
>
> (C)  both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the

court may, in its discretion, increase the amount
of the award to an amount equal to not more than 3
times the amount available under subparagraph (B)
of this paragraph. 47 U.S.C. 227 (b)(3).

## V. FACTUAL ALLEGATIONS

13. In the 12 month preceding this cause of
action, Defendant did not have express consent to
call Plaintiffs' cell phones.

14. In the 12 months preceding this cause of
action, Defendant called Plaintiffs' cell phones
repeatedly, without express consent.

## VI. TCPA VIOLATIONS

15. Plaintiff repeats, re-alleges, and
incorporates by reference the foregoing paragraphs.
The Defendant's violations of the TCPA include, but
are not limited to, the following:

16. The actions of the Defendant individually and
collectively violated the TCPA and;

17. By the Defendant calling the Plaintiffs' phone
without express consent and in direct violation of

Plaintiff's instructions, thereby Defendant violated the TCPA, and therefore violated the rights of Plaintiffs' as well as the putative class.

18.  By the Defendant calling the Plaintiffs' phone without consent, with an auto-dialer, Defendant violated the TCPA, with respect not only to the representative Plaintiffs', but the entire putative class.

WHEREFORE, Plaintiffs prays that judgment be entered against the Defendant for the following:

(1)    Statutory damages pursuant to TCPA 47  U.S.C. 227 (b)(3);

(2)    Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3)    Fair and reasonable costs of this action as well as court costs.

(4)    Injunctive relief;

(5)    Such other and further relief that the Court deems just and proper.

s/W. John Gadd
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com